IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSA MARIA VELAZQUEZ-MORON,<br>**Plaintiff,**<br><br>v.<br><br>PENELOPE A. LONG,<br>**Defendant.** | CIVIL ACTION<br><br><br><br>NO.  20-2308 |

## MEMORANDUM OPINION

Defendant Long has a business operating short-term residential rental properties. Plaintiff Velasquez-Moron worked for Long managing the guests' reservations, and cleaning and repairing the properties.  Velasquez-Moron claimed that she regularly worked over 80 hours a week in return for only $1400 per month.  She asserted that Long did not pay her for all hours worked or for overtime, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and the Pennsylvania Wage Payment and Collection Law, 43 Pa. C.S. § 260.1 *et seq*. ("PAWPCL").  The case was sent for mandatory arbitration pursuant to Local Civil Rule 53.2 and the arbitration panel entered an award of $2,618.00 in Plaintiff's favor.  Plaintiff now seeks an award of attorneys' fees and costs.

### I.   LEGAL STANDARDS

Under the American Rule, "each side is responsible for the payment of its own costs and counsel fees absent bad faith or vexatious conduct," *McMullen v. Kutz*, 985 A.2d 769, 775 (Pa. 2009) (quoting *Lucchino v. Commonwealth*, 809 A.2d 264, 267 (Pa. 2002)), unless "there is express statutory authorization, a clear agreement of the parties or some other established exception."  *Id*. (quoting *Mosaica Acad. Charter Sch. v. Commonwealth Dep't of Educ.*, 813 A.2d 813, 822 (Pa. 2002)).  A motion for attorneys' fees must "be filed no later than 14 days

after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i).

FLSA provides that federal courts "*shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).[1] Thus, the award of attorneys' fees under FLSA is mandatory. *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121 (3d Cir. 1984) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 261 n.34 (1975)). This language necessarily mandates the award of costs as well. *See also* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").

The party seeking attorneys' fees must prove that its request is reasonable by "submit[ting] evidence supporting the hours worked and rates claimed." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (internal quotations omitted) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party opposing the fee award then has the burden to challenge the reasonableness of the requested fee. *Id.* The district court cannot "decrease a fee award based on factors not raised at all by the adverse party." *Id.* (quoting *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 720 (3d Cir. 1989)).

## II.   DISCUSSION

Velasquez-Moron seeks $9,295.00 in attorneys' fees and $440.00 in costs. In support of her petition, she submitted an affidavit from her attorney asserting that his rate falls within the

---

[1] Defendant asserts that 29 U.S.C. § 216(b) does not apply to this case. As Defendant does not support this argument by citation to legal authorities, it is disregarded. Eastern District of Pennsylvania Local Civil Rule 7.1(c). Defendant also argues that the conduct of Plaintiff's counsel in relation to a discovery dispute that occurred during the pendency of the litigation, and which resulted in an order compelling discovery in Defendant's favor, justifies the denial of attorneys' fees. As this argument is likewise unsupported by legal authorities, it is also discounted. *Id.*

range provided by the fee schedule of Community Legal Services, Inc. and that his hours were reasonably expended.[2]  She also provided time sheets documenting counsel's hours.

Defendant does not challenge the reasonableness of the fees or costs sought by Plaintiff. She simply maintains, without citing to any legal authority, that Plaintiff's Motion was untimely under Rule 54 because it was filed 42 days after the issuance of the arbitration award.

Rule 54 provides that a motion for attorneys' fees must be filed "no later than 14 days after the entry of *judgment*."  Fed. R. Civ. P. 54(d)(2)(B)(i) (emphasis added).  Although the arbitration award issued on September 7, 2021, this Court did not enter judgment until October 15, 2021.  *See* ECF No. 20; Eastern District of Pennsylvania Local Civil Rule 53.2(6) ("The arbitration award . . . shall be entered as the *judgment of the court* after the thirty (30) day time period for requesting a trial de novo has expired") (emphasis added).  Plaintiff's motion was filed four days later and was therefore timely.  Plaintiff's Motion for Reasonable Attorneys' Fees and Costs will therefore be granted in full.

An appropriate order follows.

**BY THE COURT:**

**/s/ Wendy Beetlestone, J.**

_____

**WENDY BEETLESTONE, J.**

---

[2] The fee schedule of Community Legal Services, Inc. is an appropriate metric for the reasonableness of hourly rates.  *Maldonado v. Houstoun*, 256 F.3d 181, 187-88 (3d Cir. 2001).